DENNIS, Judge.
This tort suit results from personal injuries and property damage sustained in an intersectional vehicular collision which occurred in Monroe, Louisiana on July 5, 1974. The district court rendered judgment for the defendant, Una W. Hart, against the plaintiff, Joe R. Strickland, Jr., individually and on behalf of the minor, Joe R. Strickland, III, dismissing plaintiff’s action at his cost. The plaintiff appealed.
The trial judge wrote an opinion setting forth his findings of facts and conclusions. We concur in his excellent and concise reasons for judgment, and we therefore adopt the district court opinion as the opinion of this court:
“This suit arises out of a collision which occurred July 5, 1974, on Gordon Avenue at its intersection with Jack McEnery Street in Monroe. Plaintiff’s pickup truck was being driven north on Gordon Avenue by his minor son; and defendant was turning south onto Gordon from McEnery, having approached Gordon from the west. Plaintiff seeks recovery of vehicle damages, loss of use of the truck, medical expenses for treatment of his son and damages for injuries allegedly sustained by his son. For the reasons hereafter stated, the Court sustains defendant’s plea of contributory negligence, thus rendering moot the other issues related to the negligence of defendant and quantum of damages.
“Gordon Avenue runs north and south, carries one lane of traffic traveling in each direction. Parking is permitted on both sides of the street, which is actually only a little more than three lanes wide. Traffic on Gordon is preferred by ordinance over that on McEnery, where there are stop signs at or near the intersection. Gordon has curbs and gutters while Mc-Enery is bordered by ditches. The curb *534 line at the intersection is curved, making a somewhat rounded corner rather than a square one. A short distance south of the intersection on the west side of Gordon there are shrubs or bushes which at least partially obscured the southward vision of a motorist on McEnery at the intersection.
“Defendant resides in the house on the southeast corner of this intersection, but her driveway is on the south side of her house. Thus, approaching the intersection, defendant intended to turn right, proceed south on Gordon and then turn left into her driveway.
“After stopping, defendant ‘eased’ out and into her right turn. She testified she could not see past her driveway on Gordon because of the previously mentioned shrubbery ; and when she got out into the southbound lane, making her turn, she saw a vehicle quite a distance ahead in the same lane. Her first visual impression was that it was traveling south, but she then realized it was coming toward her in the ‘wrong’ lane. She then virtually stopped and the left side of the Strickland truck collided in a ‘sideswipe’ with the left front corner of her car.
“The point of impact was a few feet south of the south line of McEnery, about three feet west of the center of Gordon. According to the investigating officer, defendant’s right rear wheel was still in McEnery and slightly west of the west line of Gordon. After this collision, the truck skidded across the intersection and struck a pole north of the intersection with sufficient force to break it.
“The speed of the truck was variously estimated at 35 to 40 miles per hour by young Strickland, his passenger and the officer (the latter basing his view on ‘calculations’ from skid marks and force of impact with the pole). Both youngsters testified they were slightly exceeding the speed limit; but two neighbors of defendant living about a half-block south of the intersection both testified they were working in their yard and their attention was drawn to the truck by its speed as it passed.
“The two youngsters both testified that along the block south on Gordon, vehicles were parked on both sides of the street in such' places as to require the driver to ‘weave’ between them, pulling back and forth between the two travel lanes. According to them, one such vehicle was parked in front of defendant’s home on the east side of Gordon, necessitating their driving partially in the wrong lane. Their testimony concerning the presence and location of parked vehicles was generally supported by plaintiff, who arrived on the scene very shortly after the collision. The Stricklands live on Gordon several blocks south of the location of the accident.
“The evidence thus summarized preponderantly reveals: that defendant had no reason to anticipate the presence of a northbound vehicle in the southbound lane as she began to enter Gordon and that she never reached the center line; that plaintiff’s son, completely familiar with the hazards he described to exist, nonetheless proceeded at an excessive speed without caution; that he was therefore negligent and his negligence was a proximate cause of the accident.”
Accordingly, the judgment of the district court is affirmed at the cost of the appellant.
Affirmed.